UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN DOE, et al.,

    Plaintiffs,

v.      Civil Action No. 14-cv-14388-IT

CITY OF NEW BEDFORD, et al.,

    Defendants.

MEMORANDUM & ORDER

March 28, 2018

TALWANI, D.J.

I.     Introduction

Plaintiffs Jane Doe and John Doe, on behalf of their child, Plaintiff Bill Doe, brought this action alleging that Defendants had negligently maintained school facilities, had failed to adequately respond to a pattern of bullying by other students, and had failed to provide adequate accommodations for Bill's disability. Am. Compl. [#9].[1] Defendants City of New Bedford and New Bedford School Committee now seek judgment on Plaintiffs' remaining two claims: Count IV for a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), and Count V for a violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 ("Title II"). Defs. Mot. Summary. Judgment [#58]. For the reasons set forth below, the court finds that the parties' Confidential Settlement Agreement and Release ("Settlement Agreement") bars the remaining two claims, and ALLOWS Defendants' Motion for Summary Judgment [#58].

---

[1] The court recounted Plaintiffs' allegations in its December 4, 2015, Memorandum & Order [#34].

II.         Procedural History and Related Facts

In 2011, Bill Doe suffered a head injury at Carney Academy in New Bedford, Massachusetts. Defs.' SOF ¶¶ 1-2, 11 [#60]. During the following several school years, Plaintiffs and Defendants had numerous disagreements over § 504 accommodation plans for Bill's subsequent disability. Defs.' SOF ¶¶ 31-45 [#60]. On February 10, 2014, Plaintiffs' attorney submitted a letter to the Massachusetts Bureau of Special Education Appeals ("BSEA") requesting a hearing. Defs.' SOF ¶ 43 [#60]; Defs.' SOF Ex. Q [#60-18]. The letter was "in part for the exhaustion of claims under 29 USC 794 and MGL c. 71B against the New Bedford Public Schools. . . ." Defs.' SOF Ex. Q [#60-18]. The letter reported that Plaintiffs had filed a M.G.L. c. 258 demand letter "to protect all state claims." Id.

Ten months later, on December 12, 2014, Plaintiffs filed the instant action. See Compl. [#1]. Plaintiffs asserted a claim relating to Bill Doe's injury at the school (Count VII for gross negligence), claims arising from Defendants' alleged subsequent failure to protect Bill Doe from bullying (Counts I and II for violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Count III for violation of the Equal Protection Clause, Count VI for intentional infliction of emotional distress, and Count VIII[2] for negligent infliction of emotional distress), and the claims arising from Defendants' alleged failure to accommodate Bill's subsequent disability (Count IV for violation of Section 504 and Count V for violation of Title II). Id. On March 6, 2015, Plaintiffs filed their Amended Complaint to fix typographic errors but did not amend or add claims. Am. Compl. [#9].

On March 16, 2015, shortly after the Amended Complaint was filed, John Doe and a representative of the New Bedford Schools executed the Settlement Agreement. Defs.' SOF ¶ 46

---

[2] Plaintiffs list two counts in the original Complaint [#1] as Count VII.

[#60]; Defs.' SOF Ex. R [#60-19]. Plaintiffs' attorney negotiated the Settlement Agreement on Plaintiffs' behalf. Defs.' SOF ¶ 47 [#60]. The relevant portions of the Settlement Agreement provide:

> In full and final settlement of any and all specific claims which the Parents and/or [Bill Doe] (Student) have or might have asserted against the New Bedford Public Schools (District), its officers, agents, and employees specifically pertaining to, or arising out of any and all obligations which the District had or now has to provide a free appropriate public education (FAPE) to the Student for any and all periods since he enrolled in the District to the date of this Agreement, with the exception of the tort claims as set forth in paragraph 8 below . . .
>
> . . .
>
> 8. The terms of this Agreement resolve all of the issues which exist or may exist to date, including those currently pending before the BSEA, arising under Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act (ADA), and 20 U.S.C. § 1400, et seq. (IDEA), G.L. c. 71B, and the "exhaustion" requirements of federal and state law, except as provided as follows:
>
>     a. With respect to any potential tort or damages claim(s) that either party has asserted or might assert in the future pertaining to [Bill Doe], the Parents and the District agree that any such claims shall be pursued in a court of competent jurisdiction, and the parties agree that the . . . [BSEA] . . . is not a court of competent jurisdiction as to any tort or damages claims. The parties agree that there is no disability related issue arising under or related to the IDEA, Section 504, ADA, or MGL c. 718. The parties further agree that any such tort and/or damages claim(s) is/are not subject to administrative agency review . . . [T]he parties agree that this Agreement shall not extend any statutory time limitations pertaining to such tort or damages claims.

Defs.' SOF Ex. R [#60-19]. John Doe testified that at the time he signed the Settlement Agreement, he "thought this would resolve the open matters of [Defendants'] noncompliance." Defs.' SOF Ex. B, 340:12-18 [#60-3].[3]

---

[3] Plaintiffs dispute whether New Bedford Public Schools complied with these terms. Pls.' SOF ¶¶ 52-54 [#66]. This dispute is not material to the court's decision.

On April 1, 2015, Defendants filed their Motion to Dismiss [#11]. The court allowed the motion in part, dismissing all claims arising from Defendants' alleged failure to protect Bill Doe from bullying (Counts I, II, III, VI, VIII, IX) and for Defendants' alleged gross negligence in failing to maintain the gym floor where Bill Doe sustained his injury (Count VII). Mem. & Order [#34]. The court denied Defendants request to dismiss Counts IV and V based on the Settlement Agreement, as the Settlement Agreement was not referred or attached to the Amended Complaint, and the factual allegations in the Amended Complaint were not expressly linked to and dependent upon the Settlement Agreement. Id. Defendants did not seek to raise the issue by an early summary judgment motion, and instead, the parties proceeded with discovery.

Defendants now move for summary judgment as to the two remaining counts, arguing that: (1) Plaintiffs released Defendants from these two claims in the Settlement Agreement; (2) there is no evidence of intentional discrimination by Defendants; and (3) there is no separate liability for the school committee. This order addresses focuses on the first and third ground for relief and does not reach the merits of Defendants' second argument.

III.    Discussion

    *A.     Standard of Review*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986)). To the extent facts are disputed, they are considered in the light most favorable to the non-movant and reasonable inferences will be drawn in favor of the non-movant.

4

Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Adickes v. S.H. Kress Co., 398 U.S. 144, 157 (1970)) ("[A] court must view the evidence 'in the light most favorable to the opposing party.'"). The moving party must first show "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets this burden, the non-moving party must then "adduce specific facts showing that a trier of fact reasonably could find in his favor." Murray v. Warren Pumps, LLC, 821 F.3d 77, 83 (1st Cir. 2016) (citing Anderson, 477 U.S. at 249-50). "[T]he evidence offered by the adverse party cannot be 'merely colorable' or speculative." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (quoting Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1990)).

  B.  *The Settlement Agreement*

Defendants argue in their Memorandum of Law in Support of their Motion for Summary Judgment [#59] that Plaintiffs cannot seek damages for Counts IV and V because Plaintiffs released Defendants from the two claims in the Settlement Agreement. In their Opposition to Defendants' Motion and Argument for Summary Judgment [#65], Plaintiffs respond that the Settlement Agreement did not apply to damages claims in a civil suit. Plaintiffs point out that the BSEA cannot award monetary damages, and they assert that they sought in the Settlement Agreement to resolve only the issues over which the BSEA had jurisdiction. Pl. Opp. at 16-17. Plaintiffs argue, in other words, that Counts IV and V of their Amended Complaint, seeking monetary damages, are carve-out exceptions to the Settlement Agreement.

The Settlement Agreement begins by stating that it resolved all claims that arose or might have arisen from Bill Doe's free appropriate public education "with the exception of tort claims as set forth in paragraph 8 below." Paragraph 8 reiterates that "[t]he terms of this Agreement resolve all of the issues which exist or may exist to date, including those currently pending

5

before the BSEA, arising under Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act (ADA), and 20 U.S.C. § 1400, et seq. (IDEA), G.L. c. 71B, and the "exhaustion" requirements of federal and state law," except as provided in subparagraph (a).

Subparagraph (a), in turn, uses somewhat broader language than that set forth in the introductory paragraph, carving out an exception not just for tort claims, but for "potential tort <u>or damage claim(s)</u> that either party has asserted or might assert in the future," with the parties agreeing that BSEA is "not a court of competent jurisdiction as to any tort <u>or damages claim</u>" and that any such "tort <u>and/or damages claim(s)</u> is/are not subject to administrative agency review . . . ." (emphasis added). The Settlement Agreement thus did not bar Plaintiffs' claims for gross negligence relating to Bill Doe's injury, or their various claims for failing to protect Bill Doe from bullying. <u>See</u> Am. Compl. ¶¶ 50- 93, 116-119, 125-128.

But while the Settlement Agreement contemplated that some statutory or constitutional claims (in addition to tort claim) could proceed, subparagraph (a) included one explicit limit on the damages carve out: "The parties agree that there is no disability-related issues arising under or related to the IDEA, Section 504, ADA or MGL c. 718." In reading the subparagraph as a whole, the exception for "potential tort or damages claim(s)" does not include disability-related claims.

Both of the remaining claims only relate to Bill Doe's disabilities. <u>See</u> Am. Compl. ¶ 102 ("Defendants intentionally and deliberately discriminated against Bill on the basis of his disability and treated him differently from his other-disabled peers because of the nature of his disability, which manifested in such a way that he required significant services which the district refused to provide."); <u>Id</u>. at ¶ 111 ("The denial of Bill's rights, failure to accommodate and discriminatory conduct by the Defendants resulted from disability-based animus,"); <u>Id</u>. at ¶ 115

6

("As a direct and proximate result of Defendants' ignorance, punishment and discrimination, Bill was excluded from participation in and/or denied the benefits of New Bedford's services and/or programs by reason of his disability and suffered damages as further set forth herin,"); Pls. Opp. at 9 ("It is undisputed that Bill has a disability for purposes both of Section 504 and the ADA . . ."); Id. at 15 ("The parties sought more services and this young man needed more services and the failure by the New Bedford school district to follow the necessary guidelines offered by the training physicians is clearly a disability based animus . . ."); Id. at 16 ("Since the issues are essentially pursuant to a child with a disability and protected by section 504 and the Americans with Disabilities Act, this is a proper case for federal court"); Id. at 17 ("It is clear that public policy dictates settlement agreements should be enforced before the BSEA but the BSEA refuses to enforce settlement agreements dealing with children with disabilities as noted in this case"); Id. at 19 ("The plaintiff has clearly established each element of his claim for disability discrimination.").

Plaintiffs' remaining claims against the Defendant City of New Bedford (Count IV for a violation of Section 504 and Count V for a violation of Title II) are thus barred by the Settlement Agreement.

### C. *No Separate Liability for the School Committee*

Defendants argue that the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities do not have the capacity to sue or be sued in the absence of specific statutory authority. Def. Mem. at 19, citing Henschel v. Worcester Police Dep't., 445 F.2d 624 (1st Cir. 1971) (an action against a police department is "the same" as suing the municipality). Plaintiffs offer no argument in response. Accordingly, Defendants are also entitled to judgment as to Count IV and Count V as to the School Committee.

IV.	Conclusion

Accordingly, for the reasons stated above, Defendants' Motion for Summary Judgment [#58] as to Count IV and Count V of the Amended Complaint is ALLOWED.

IT IS SO ORDERED.

Date: March 28, 2018 /s/ Indira Talwani
United States District Judge